IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-75-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAYNE VICK, | ) | |
| Defendant. | ) | |

On June 25, 2020, Wayne Vick ("Vick") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed records in support [D.E. 57]. On November 6, 2020, Vick's counsel filed a memorandum and additional records in support [D.E. 60]. On November 20, 2020, the United States responded in opposition and filed records in support [D.E. 64]. As explained below, the court denies Vick's motion for compassionate release and dismisses Vick's request for home confinement.

I.

On May 9, 2012, pursuant to a written plea agreement, Vick pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and five kilograms or more of cocaine. See [D.E. 18, 20]. On December 11, 2012, the court held Vick's sentencing hearing. See [D.E. 38]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 40] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Vick's total offense level to be 41, his criminal history category to be IV, and his advisory guideline range to be 360 months' to life imprisonment. See [D.E. 40] 1. After granting

the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Vick to 168 months' imprisonment. See [D.E. 33, 38, 39]. Vick did not appeal.

On December 22, 2015, Vick moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 47]. On May 8, 2018, the court denied Vick's motion. See [D.E. 53]. Vick did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's

2

application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

     (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

     (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not

---

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Vick contends that he exhausted his administrative remedies. See [D.E. 60] 2; [D.E. 60-1]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Vick's claim on the merits.

Vick seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Vick notes that he is 55 years old and cites the COVID-19 pandemic, that he tested positive for COVID-19 on October 30, 2020, and his health conditions, including diabetes, end-stage renal disease, high blood pressure, sleep apnea, and severe obesity. See [D.E. 57] 1–2; [D.E. 57-1]; [D.E. 60] 5–6. Vick also cites the conditions at MCFP Springfield and that he has served over eight years of his sentence. See [D.E. 60] 6–7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Vick has end-stage renal disease and alleges that he is "terminally" ill. See [D.E. 57] 1–2; [D.E. 57-1]; [D.E. 60] 1. Accordingly,

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

Vick has demonstrated an extraordinary and compelling reason consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A) ("end-stage organ disease"). See [D.E. 64] 16.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at MCFP Springfield, and Vick's age and health conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even so, after reviewing the entire record, the section 3553(a) factors counsel against reducing Vick's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Vick is 55 years old and engaged in serious criminal behavior between 2000 and 2012. See PSR [D.E. 37] ¶¶ 9–13. Vick was a drug trafficker in Nash County, North Carolina and distributed 3.63 kilograms of cocaine base (crack). See id. Vick also possessed three firearms and ammunition in connection with his drug trafficking activities. See id. Vick also maintained a premises for purposes of distributing a controlled substance and held a leadership role in the conspiracy. See id. Vick is a recidivist with convictions for larceny (two counts), eluding arrest, conspiracy to possess stolen explosives, driving while license revoked (two counts), driving while impaired, simple possession of cocaine, first degree trespass, possession of drug paraphernalia, and second degree trespass. See id. ¶¶ 15–24. Moreover, Vick has performed poorly on supervision (including federal supervision) and has a sporadic work history. See id. ¶¶ 15–16, 38–42. The court also has considered Vick's exposure to COVID-19, the conditions at MCFP Springfield, his age and health conditions, his conduct while incarcerated, and that he has served over eight years of his

federal sentence. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Vick, the section 3553(a) factors, Vick's arguments, the government's persuasive response, and the need to punish Vick for his serious criminal behavior, to incapacitate Vick, to promote respect for the law, to deter others, and to protect society, the court declines to grant Vick's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Vick's request for home confinement, Vick seeks relief under the CARES Act. See [D.E. 60] 2. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Vick's request for home confinement.

II.

In sum, the court DENIES Vick's motion for compassionate release [D.E. 57] and DISMISSES Vick's request for home confinement.

SO ORDERED. This 25 day of March 2021.

JAMES C. DEVER III
United States District Judge